[No. 7,614.—In Bank.]

PEOPLE EX REL. J. C. PENNIE *v.* L. W. RANSOM.

JUSTICE OF PEACE—JUDICIAL OFFICER.—Justices of the Peace are judicial officers within the meaning of section 10, article xxii, of the Constitution.

ID.—ID.—ID.—ELECTION.—Justices of the Peace are officers whose election the Constitution requires to be held in 1879, and afterwards in even-numbered years.

ID.—ELECTION—CONSTITUTIONAL LAW.—The act of 1880, amending sections 84, 103, and 110 of the Code of Civil Procedure, is constitutional.

APPEAL from a judgment in the Superior Court, City and County of San Francisco. SULLIVAN, J.

*A. L. Hart,* Attorney-General, and *D. T. Sullivan,* for Appellant.

*Rhodes & Barstow* and *L. Reynolds,* for Respondent.

THORNTON, J. :

This action was brought to determine the right of the relator, Pennie, to the office of Justice of the Peace of the City and County of San Francisco against the defendant Ransom.

The Court below found that the defendant was, on the 3d day of September, 1879, duly elected a Justice of the Peace for said city and county, and afterward qualified and entered upon the discharge of the duties of said office, and held said office under the election just referred to; that the relator did, on the 2d day of November, 1880, at a general election held on said last-named day, receive the largest number of votes, and was on said day elected a Justice of the Peace for said city and county; that he was duly commissioned and qualified as such Justice, and afterwards made a proper demand on the defendant that he surrender to him the said office, which the defendant refused to do.

As conclusions of law, it was held that the defendant usurped the said office; that plaintiff was entitled to it, and the Court rendered jugment in favor of relator.

From this judgment defendant prosecuted this appeal, which brings before us the validity of the election of the relator at the general election of 1880.

The 10th section of article xxii of the Constitution is in these words:

"In order that future elections in this State shall conform to the requirements of this Constitution, the terms of all officers elected at the first election under the same, shall be, respectively, one year shorter than the terms as fixed by law or by this Constitution; and the successors of all such officers shall be elected at the last election before the expiration of the terms as in this section provided. The first officers chosen, after the adoption of this Constitution, shall be elected at the time and in the manner now provided by law. Judicial officers and Superintendent of Public Instruction shall be elected at the time and in the manner that State officers are elected."

And the 20th section of article xx is as follows:

"Elections of the officers provided for by this Constitution, except at the election in the year eighteen hundred and seventy-nine, shall be held on the even-numbered years, next before the expiration of their respective terms. The terms of such officers shall commence on the first Monday after the first day of January next following their election."

That the Justices of the Peace were to be elected at the general election in 1879, we have no doubt. They were of the class of Judicial officers referred to in the section first quoted. We so held in *McGrew* v. *Mayor of San José,* 55 Cal. 611, and we are satisfied that that determination was correct. Granting that the reason for the insertion of the last clause in the above-mentioned section *ten,* was as contended for by the learned counsel for appellant, the language is broad enough to include Justices of the Peace, and we see no reason to hold that they were not intended to be included by the framers of the Constitution. Justices of the Peace constitute a part, and a most important part, of the Judicial Department of the State Government, by the express language of the Constitution. (Art. vi, § 1.) That they are as much judicial officers as any Justice of this Court, or any Judge of the Superior Court, we see no reason to doubt.

We are also of opinion that they are of the officers whose election, except at the election of 1879, was to be held on the even-numbered years (art. xx, § 20), and that the terms of their office are shortened one year by the provisions of section 10 of article xxii. They are of the officers provided for in the Constitution, although the powers, duties, and responsibilities are to be fixed by the Legislature, and the number to be elected in various political divisions is to be determined by the same authority. (See art. vi, §§ 1 and 11.)

It may well be contended that the Constitution has fixed the day of the general election for 1880, on the first Tuesday after the first Monday in November in 1880 (see art. iv, § 3, which is the day fixed by that instrument for the election of members of the Assembly.) The Legislature has, however, fixed the day last named for the general election by a valid and constitutional law passed on the 16th day of April, 1880 (see Amendments to the Codes, 77, amending section 1041 of

the Political Code), and has provided by it for the election of all Justices of the Peace at the general election in 1880. (See section 1 of act of 1880, amending portions of the Code of Civil Procedure—Amendments to Codes, 21.) The sections of the Code of Civil Procedure, as amended, particularly referred to here are 85, 103, and 110.

This act is assailed as unconstitutional. We have examined it, and see no ground to hold it to be so. We find nothing in it in conflict with the Constitution. As regards the duties of Justices of the Peace, it is neither local nor special, but is a general law in that respect. But if there is any portion of the act of that character, we can not see that it affects the question before us.

The views herein expressed are in harmony with what was said by the Justices of this Court in *Barton* v. *Kalloch*, whether concurring or dissenting.

The judgment of the Court below is affirmed.

Morrison, C. J., Myrick, J., Sharpstein, J., and McKee, J., concurred.

Ross, J., concurred in the judgment.