[No. 7,801.—In Bank.]

## P. H. COGGINS v. THE CITY OF SACRAMENTO.

City Justices—Salary—Office Rent—Municipal Corporation—Constitutional Law.—The question as to the constitutionality of Section 103, Code of Civil Procedure, as amended April 1, 1880, is settled in this State by decisions of this Court holding the act not to be in conflict with the Constitution.

Appeal from a judgment for the defendant in the Superior Court of the County of Sacramento.

The action was brought to recover amounts alleged to be due from the defendant and his assignor for salary as City Justices, and for money expended for office rent.

*J. C. Tubbs* and *P. H. Coggins*, for Appellant.

*W. A. Anderson*, for Respondent.

Thornton, J. :

This case comes before us on a demurrer to the complaint, which was sustained; the plaintiff declining to amend, judgment passed for the defendant, from which this appeal is prosecuted.

To sustain the ruling of the Court below, the constitutionality of the act of April 1, 1880, amending the Code of Civil Procedure in relation to courts of justice, etc. (see amendments to the Codes of 1880, page 21, of part relating to Code of Civil Procedure), and particularly the section substituted by the act and contained in Section 103, Code of Civil Procedure, is attached by the respondent. This question is settled by several decisions of this Court (*People ex rel. Pennie* v. *Ransom*, 58 Cal. 558; *Bishop* v. *Council of City of Oakland*, id. 572, and *Jenks* v. *Same*, id. 576, holding the act not in conflict with the Constitution.

The construction of the section referred to as regards the obligation of the city authorities to furnish an office to a Justice of the Peace is settled by the last two cases referred to above. That they are so bound is there held.

The decision of the Court below in sustaining the demurrer

was contrary to the rules laid down in the cases referred to, and on that ground the judgment must be reversed.

The question of the constitutionality of the act is the only one discussed in brief of counsel for appellant, and with that question this opinion only deals.

The Court below erred in sustaining the demurrer to the complaint, and therefore the judgment is reversed and the cause remanded to be proceeded with according to this opinion.

MORRISON, C. J., and SHARPSTEIN, MYRICK, and McKINSTRY, JJ., concurred.